IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                            Criminal Action No. 3:05CR40

RICHARD ISADORE RICHARDSON,

      Defendant.

## REPORT AND RECOMMENDATION

On February 7, 2006, came the United States of America by Thomas O. Mucklow, Assistant United States Attorney, and the Defendant, ROBERT ISADORE RICHARDSON, in person and by his counsel, Sherman L. Lambert, Sr., for a suppression hearing. The Court proceeded to hear Defendants Motion to Suppress Evidence Based on Racial Profiling and Illegal Use of a Pretext Stop, Search & Seizure of Defendant Robert I. Richardson.

The Defendant contends that there are two issues presented for the court. The first issue is whether Deputy Kittle had probable cause to stop the vehicle on November 23, 2004. The second issue is whether the search of the Defendant after the stop was legal. The Defendant further asserts that the stops were a result of racial profiling and not probable cause.

The Defendant proceeded to present evidence regarding his Motion to Suppress. The Defendant called Ted Anderson, the Chief of Police of the City of Martinsburg and Deputy Kittle, the arresting officer to testify. The Defendant had also subpoenaed Donna White to testify but she failed to appear. The Defendant requested a bench warrant be issued for Ms. White and moved to continue the suppression hearing. Both the request and the Motion were **DENIED**.

The government objected to the untimeliness of the Motion to Suppress. The government further asserted that the vehicle was legally stopped for a inoperable registration light which is a

violation of the municipal ordinance of the city of Martinsburg.  The Defendant presented no evidence to the contrary.  In addition, Deputy Kittle testified that when he asked the Defendant for his name, the Defendant Richardson gave a false name "Tony Williams" to him.  When the police officer asked for identification, the Defendant hesitantly gave him identification that showed he was Robert Richardson.  There was no evidence presented to the contrary.

Based on the evidence presented the Court finds that the registration light on the vehicle was inoperable in violation of the ordinance of the City of Martinsburg; therefore, there was probable cause for the officer to stop the vehicle.  Second, the Defendant gave false information regarding his identification; therefore, the Defendant's arrest was lawful.  The search made after the Defendant's arrest was legal as it was a search incident to a lawful arrest and the Defendant exhibited behavior indicative of trying to hide something while in the police officers custody.

The Court further finds that there was no evidence presented to support the Defendant's claim that the stop was a result of racial profiling.

It is hereby **RECOMMENDED** that Defendant's Motion to Suppress Evidence Based on Racial Profiling and Illegal Use of a Pretext Stop, Search & Seizure of Defendant Robert I. Richardson be **DENIED.**

**IT IS FURTHER ORDERED THAT:**

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

DATED: 2-8-06

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE