# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**ROBERT ISADORE RICHARDSON**,

      Petitioner,

v.                             **Civil Action No. 3:07-cv-93**
                               **Criminal Action No. 3:05-cr-40**
                               **(BAILEY)**

**UNITED STATES OF AMERICA**,

      Respondent.

## ORDER OVERRULING PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This case is pending before this Court on the Opinion/Report and Recommendation (hereinafter "R&R") filed by Magistrate Judge James E. Seibert [Cr. Doc. 121] and the Petitioner's Objections to Report and Recommendation [Cr. Doc. 126] regarding petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Cr. Doc. 103]. After reviewing the R&R, the record, and the arguments of the parties, the Court finds that petitioner's objections to the R&R should be **OVERRULED**, the R&R should be **ADOPTED**, and petitioner's § 2255 Motion should be **DENIED in part**.

## BACKGROUND

On May 8, 2006, the petitioner entered into a plea agreement with the United States. [Cr. Doc. 87]. He agreed to plead guilty to Count Two of the indictment returned in criminal action 3:05-cr-40. (Id.) Count Two alleged that petitioner possessed with intent to

1

distribute 16.20 grams of cocaine base in violation of 21 U.S.C. 841(a)(1). (Id.) Petitioner's plea agreement included an appeal waiver, including a wavier of appeal pursuant to 28 U.S.C. §2255. ([Cr. Doc. 88] ¶ 10).

At the hearing where the Court accepted petitioner's plea of guilty, the petitioner was asked whether he understood the plea agreement (Plea Transc. at 13); whether he had gone over it with counsel (Id. at 13); whether he understood the appellate and post-conviction rights waiver (Id.); whether he agreed with the terms of the agreement (Id.); and whether he agreed with the factual basis of the plea as presented at the hearing (Plea Transc. at 24-25). He answered in the affirmative all these questions. The Court also went over with the petitioner all the rights that he was giving up in pleading guilty. (Id. at 13-22). The defendant stated that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 24-26).

Petitioner stated at the plea hearing that his guilty plea was not a result of any promises other than those contained in the plea agreement. (Plea Transc. at 25). Petitioner stated that his attorney had adequately represented him and that his attorney had left nothing undone. (Id. at 25-26). Finally, petitioner stated that he was pleading guilty because he was in fact guilty of the crime charged. (Id. at 26).

At the end of the hearing, the Court found that petitioner's plea was free and voluntarily (Plea Transc. at 26); that petitioner understood the consequences of pleading guilty (Id.); and that the elements of Count Two of the indictment were established beyond a reasonable doubt (Id.). The petitioner did not object to these findings. (Id.)

On August 8, 2008, petitioner appeared before the Court for sentencing. [Cr. Doc. 93]. The Court considered several factors in sentencing defendant including: the

circumstances of the crime and the defendant, and the sentencing objectives of punishment. [Cr. Doc. 98]. The Court sentenced defendant to a term of 210 months imprisonment, 4 years of supervised release, a fine of $1,100.00, and a special assessment fee of $100.00. The Judgment and Commitment Order was entered on August 28, 2008. [Cr. Doc. 98]

On July 27, 2007, *pro se* petitioner filed a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence [Cr. Doc. 103]. On October 5, 2007, the Government was Ordered to answer petitioner's § 2255 Motion. [Cr. Doc. 105]. On November 29, 2007, the Government timely filed its response to petitioner's motion. [Cr. Doc. 109]. Petitioner filed his Reply on March 4, 2008. [Cr. Doc. 111]. On April 7, 2008, petitioner filed a supplemental brief in support of his motion. [Cr. Doc. 113].

On June 23, 2008, Magistrate Judge Seibert issued a R&R [Cr. Doc. 121] finding that an evidentiary hearing was required on whether petitioner had requested his attorney to file an appeal of his sentence; and that all petitioner's other claims should be dismissed. Magistrate Judge Seibert concluded that plaintiff had "knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence." ([Cr. Doc. 121] at 12).

## **PETITIONER'S OBJECTIONS**

On July 9, 2008 petitioner filed objections to the R&R. [Cr. Doc. 126]. Petitioner objected to the R&R on the grounds that the R&R did not address his Sixth Amendment claims, and that he was not properly arraigned on the count to which he pled guilty. (Id.)

First, petitioner's Sixth Amendment claims for ineffective assistance of counsel were addressed in the R&R as Magistrate Judge Seibert found that "petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence with the

3

exception of an evidentiary hearing to determine whether petitioner requested his attorney to file an appeal..." ([Cr. Doc. 121] at 12). Petitioner's waiver of rights in the plea agreement is valid and enforceable and as such, plaintiff is barred from bringing any ineffective assistance of counsel claims that do not "call into question the validity of the plea or the § 2255 waiver itself, or do not relate to the plea agreement or the waiver..." ***Braxton v. United States***, 358 F.Supp.2d 497, 503 (W.D. Va. 2005) (citing collected authorities). Here, petitioner's ineffective assistance of counsel related to: (1) the motion to suppress, (2) failure to obtain ***Brady v. Maryland*** materials, and (3) failure to challenge the indictment. (*See generally* [Cr. Doc. 103]). As none of petitioner's claims "call into question the validity of the plea or the § 2255 waiver itself, or do not relate to the plea agreement or the waiver..." petitioner's claims were properly considered and denied by the Magistrate. See ***Braxton***, 358 F.Supp.2d at 503 (citing collected authorities).

Second, petitioner also objected to the R&R on the grounds that because he was not properly arraigned on Count Two, the Court had no jurisdiction to sentence him, and petitioner's guilty plea was not knowing or intelligent. ([Cr. Doc. 126] at 1-2). To the extent that this issue was raised in petitioner's initial § 2255 motion, it was also addressed by Magistrate Judge Seibert's finding that "petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence with the exception of an evidentiary hearing to determine whether petitioner requested his attorney to file an appeal..." ([Cr. Doc. 121] at 12).

Petitioner argues that he was not properly arraigned because he was arraigned on an improperly filed indictment. ([Cr. Doc. 126] at 1-2). Specifically, Count Two of the

4

indictment filed with the Court on CMECF stated that petitioner was charged with possession of 2.7 grams of cocaine base. ([Cr. Doc. 67] ¶ 6). The originally docketed Count Two was dropped as it was filed as a clerical error. [Cr. Doc. 68]. The Government presented evidence to the Grand Jury that petitioner was in possession of 16.20 grams of cocaine base at the time of his arrest ([Cr. Doc. 67] ¶ 7), and the indictment returned by the Grand Jury charged petitioner with possession of 16.20 grams of cocaine base [Cr. Doc. 87]. As indictments are filed without the signature of the Grand Jury Foreperson, however, the Government–in error–filed an earlier version of Count Two with the Court substituting the /s/ in place of the foreperson's signature. ([Cr. Doc. 67] ¶¶ 5-6). On May 8, 2006, the Government filed a copy of the original indictment returned by the Grand Jury. [Cr. Doc. 87]. The document charged defendant in Count Two with possession of 16.20 grams of cocaine base. (Id.) Additionally, prior to this amendment the Government turned over to petitioner's counsel all ***Jencks*** material. ([Cr. Doc. 67] ¶ 8). As such, petitioner cannot argue that he was not aware of the evidence presented to the Grand Jury prior to the Government's correction of the indictment.

Further, the Court notes that petitioner plead guilty to Count Two of the indictment charging that petitioner was found in possession of 16.20 grams of cocaine base. [Cr. Doc. 87]. When petitioner entered his plea of guilty before this Court, the Court inquired whether petitioner's plea was free and voluntary. (Plea Transc. at 13). The Court also inquired whether defendant had gone over the plea agreement with his counsel and whether he understood the consequences of pleading guilty. (Id.) The Court found that petitioner's plea to the possession of 16.20 grams of cocaine base was knowing and voluntary. (Id. at 25-26). Further, petitioner had the opportunity to dispute the factual basis of plea. (Id.

5

at 24-25). At no point did petitioner indicate that he was unaware of the amount of cocaine base he was pleading guilty to possessing. (*See generally* Plea Transc.). Instead, petitioner entered into a knowing, free, and voluntary plea before this Court as to possession of 16.20 grams of cocaine base. (Plea Transc. at 13-25). As such, petitioner waived his right to attack the sufficiency of the indictment. See **Tollett v. Henderson**, 411 U.S. 258, 266-67 (1973).

"A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." **Tollett**, 411 U.S. at 266-67. Defendant argues that his plea was not knowing and voluntary because of the 'alleged constitutional infirmity' of being arraigned on a version of Count Two which due to clerical error included a different cocaine base amount than that in the signed Grand Jury indictment. [Cr. Doc. 126]. The Supreme Court's holding in **Tollett** belies that argument. Petitioner at no point argued that he did not know or understand the crime to which he was pleading guilty. Further, petitioner pled guilty to the amount of cocaine base the Grand Jury charged him with possessing; petitioner had knowledge of the charges against him; and admitted to the charges in open court after stating he understood his rights and the consequences of pleading guilty.

Based on the reasoning above, the Court finds that petitioner's plea was free and voluntary, that petitioner waived his right to collaterally attack his sentence except with

6

regard to his claim that his counsel failed to file a notice of appeal on his behalf. Accordingly, the Court finds that petitioner's objections are without merit and should be **OVERRULED** and the Magistrate's Report and Recommendation **ADOPTED**.

## **CONCLUSION**

For the reasons stated above:

1. The Magistrate Judge's Opinion/Report and Recommendation [Cr. Doc. 121] is **AFFIRMED** and **ADOPTED** as it recommends petitioner's § 2255 petition [Cr. Doc. 103] be denied and dismissed with prejudice, with the exception of petitioner's claim of ineffective assistance of counsel which is to be addressed in a separate Opinion/Report and Recommendation.

2. Petitioner's § 2255 [Cr. Doc. 103] is hereby **DENIED in part** as to all claims except petitioner's claim of ineffective assistance of counsel with regard to counsel's alleged failure to file an appeal on behalf of petitioner.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: March 16, 2009

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE