# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ROBERT ISADORE RICHARDSON**,

    Petitioner,

v.                                  **Civil Action No. 3:07-cv-93**
                                     **Criminal Action No. 3:05-cr-40**
                                     **(BAILEY)**

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER OVERRULING PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This case is pending before this Court on the Opinion/Report and Recommendation (hereinafter "R&R") filed by Magistrate Judge James E. Seibert [Cr. Doc. 141] and the Petitioner's Objections to Report and Recommendation [Cr. Doc. 142] regarding petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Cr. Doc. 103]. After reviewing the R&R, the record, and the arguments of the parties, the Court finds that petitioner's objections to the R&R should be **OVERRULED**, the R&R should be **ADOPTED**, and petitioner's § 2255 Motion should be **DENIED in part** and **GRANTED in part**.

## BACKGROUND

On May 8, 2006, the petitioner entered into a plea agreement with the United States. [Cr. Doc. 87]. He agreed to plead guilty to Count Two of the indictment returned in criminal action 3:05-cr-40. (Id.) Count Two alleged that petitioner possessed with intent to

1

distribute 16.20 grams of cocaine base in violation of 21 U.S.C. 841(a)(1). (Id.) Petitioner's plea agreement included an appeal waiver, including a waver of appeal pursuant to 28 U.S.C. §2255. ([Cr. Doc. 88] ¶ 10).

At the hearing where the Court accepted petitioner's plea of guilty, the petitioner was asked whether he understood the plea agreement (Plea Transc. at 13); whether he had gone over it with counsel (Id. at 13); whether he understood the appellate and post-conviction rights waiver (Id.); whether he agreed with the terms of the agreement (Id.); and whether he agreed with the factual basis of the plea as presented at the hearing (Plea Transc. at 24-25). He answered in the affirmative all these questions. The Court also went over with the petitioner all the rights that he was giving up in pleading guilty. (Id. at 13-22). The defendant stated that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 24-26).

Petitioner stated at the plea hearing that his guilty plea was not a result of any promises other than those contained in the plea agreement. (Plea Transc. at 25). Petitioner stated that his attorney had adequately represented him and that his attorney had left nothing undone. (Id. at 25-26). Finally, petitioner stated that he was pleading guilty because he was in fact guilty of the crime charged. (Id. at 26).

At the end of the hearing, the Court found that petitioner's plea was free and voluntarily (Plea Transc. at 26); that petitioner understood the consequences of pleading guilty (Id.); and that the elements of Count Two of the indictment were established beyond a reasonable doubt (Id.). The petitioner did not object to these findings. (Id.)

On August 8, 2008, petitioner appeared before the Court for sentencing. [Cr. Doc. 93]. The Court considered several factors in sentencing defendant including: the

circumstances of the crime and the defendant, and the sentencing objectives of punishment. [Cr. Doc. 98]. The Court sentenced defendant to a term of 210 months imprisonment, 4 years of supervised release, a fine of $1,100.00, and a special assessment fee of $100.00. The Judgment and Commitment Order was entered on August 28, 2008. [Cr. Doc. 98]

On July 27, 2007, *pro se* petitioner filed a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence [Cr. Doc. 103]. On October 5, 2007, the Government was Ordered to answer petitioner's § 2255 Motion. [Cr. Doc. 105]. On November 29, 2007, the Government timely filed its response to petitioner's motion. [Cr. Doc. 109]. Petitioner filed his Reply on March 4, 2008. [Cr. Doc. 111]. On April 7, 2008, petitioner filed a supplemental brief in support of his motion. [Cr. Doc. 113].

On June 23, 2008, Magistrate Judge Seibert issued a R&R [Cr. Doc. 121] finding that an evidentiary hearing was required on whether petitioner had requested his attorney to file an appeal of his sentence; and that all petitioner's other claims should be dismissed. Magistrate Judge Seibert concluded that plaintiff had "knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence." ([Cr. Doc. 121] at 12).

On September 25, 2008, the Magistrate Judge held a hearing to determine whether petitioner had requested his attorney to file an appeal of his sentence. [Doc. 133]. On October 24, 2008, the Magistrate Judge issued a Report and Recommendation finding that the original judgment should be vacated and that petitioner should be resentenced. [Doc. 141]. In the R&R Magistrate Judge Seibert found after an evidentiary hearing that: (1) the defendant asked counsel, Sherman Lambert, to file an appeal; (2) Mr. Lambert did not file the notice of appeal; and (3) his failure to do so constituted per se ineffective assistance

3

of counsel. (Id.)

On October 30, 2008, the Government filed objections to the R&R arguing Mr. Lambert was terminated prior to the time that petitioner requested Mr. Lambert file an appeal, and that, therefore, Mr. Lambert could not be per se ineffective under **Poindexter**.

On December 5, 2008, petitioner also filed objections to the R&R. [Doc. 144]. His only objection related to the portion of the R&R addressing petitioner's claims that he was improperly arraigned which have already ruled on and adopted by this Court. (See [Doc. 148]).

During the September 25, 2008, hearing, Mr. Lambert testified that the defendant fired him after sentencing. He also introduced into evidence a copy of his retainer agreement indicating that his services 'did not include appeal.' Evidence was also presented that the defendant wrote to Mr. Lambert more than 10 days after he was sentenced (but not more than 10 days after the J&C was entered). In the letter, the defendant asked that Mr. Lambert file an appeal. Mr. Lambert wrote the defendant back a few days later stating that he was not the defendant's attorney because he was terminated and that if he wanted representation for appeal he would have to pay Mr. Lambert.

## **OBJECTIONS OF THE GOVERNMENT**

The Government objects to the R&R on the following grounds: (1) the R&R puts the onus on the Government to produce evidence that the Mr. Lambert was terminated, but such a burden should fall on the defendant; (2) without evidence from the defendant that Mr. Lambert was still retained as counsel, the 'per se ineffective' rule does not apply to his

4

failure to file an appeal; and (3) Mr. Lambert should not have filed an appeal because if he had, he would have been breaking ethics rules as he is only allowed to act for "his client." [Doc. 142]. As all the Government's objections turn on a single point, the Court will address them collectively.

The scenario the Court is presented with is as follows: a defendant asked his attorney to appeal his sentence, and then instead of filing the notice of appeal the attorney then took the time to write his client a letter noting that he was not his counsel for appeal and that he would need to be paid before he would file the notice of appeal. The Government argues that because Mr. Lambert was "terminated" that he, therefore, was not petitioner's attorney and was not obligated–or permitted–to file the notice of appeal on behalf of the petitioner. Although technically an attractive argument, it overlooks one fundamental principal of the legal profession–especially in criminal matters–which is that it is the duty of the attorney to convey to the client that the attorney no longer represents the client and, upon termination of representation to protect the interests of the client. *See* Rule 1.16(d), West Virginia Rules of Professional Conduct.

Here, the petitioner and the Government agree that petitioner requested Mr. Lambert file a notice of appeal, that the request was received, and that Mr. Lambert failed to file the notice of appeal, instead instructing the petitioner that he did not represent him. The Government argues that because the letter was received by petitioner in time to file a notice of appeal with the clerk that Mr. Lambert acted properly. This Court disagrees.

The proper course of action would have been for Mr. Lambert to file the notice of appeal on behalf of the petitioner and then inform petitioner in writing the attorney client relationship had been terminated and that he would have to be retained for appeal. Such

5

a course of action would clearly indicate to petitioner that following the filing of the notice of appeal by Mr. Lambert, he was no longer a client of Mr. Lambert; and filing the notice of appeal would adequately protect petitioner's interests "to the extent reasonably practicable" until such time as petitioner was able to retain other counsel or determine what other documents needed to be filed in conjunction with his appeal.  *See* Rule 1.16(d), West Virginia Rules of Professional Conduct.

This Court disagrees with the Government's position that according to the testimony of Mr. Lambert that petitioner unambiguously terminated Mr. Lambert after the sentencing hearing; and, therefore, petitioner was no longer Mr. Lambert's client.  Mr. Lambert's understanding–although not to be discarded in its entirety–is not the most probative evidence of termination (nor incidentally is his retainer agreement).  The most probative evidence is the testimony of petitioner, as any termination must be known and *understood* not only by the attorney but also by the *client*.  According to the West Virginia Rules of Professional Conduct an attorney terminating his services must give his client "reasonable notice."  Rule 1.16(d).  Although the Court acknowledges that the Government argues it was the client that terminated the relationship, and that the client had notice via the retainer agreement–the fact remains that an attorney's duty is to his <u>client</u> and when faced with a grey area as to whether that attorney has been terminated–especially where the terminated client seeks the attorney out for legal services days after the alleged "termination"–the prudent and professionally responsible action is to presume that the relationship is still intact.  As such, this Court finds that Mr. Lambert was in fact petitioner's attorney at the time he requested Mr. Lambert file a notice of appeal on his behalf and accordingly **OVERRULES** the Government's objections to the R&R.

## **CONCLUSION**

For the reasons stated above and more fully set out in the Magistrate Judge's Opinion/Report and Recommendation:

1. The Magistrate Judge's Opinion/Report and Recommendation [Cr. Doc. 141] is **AFFIRMED** and **ADOPTED** as it recommends that the original judgment should be vacated and that petitioner should be resentenced. [Doc. 141].

2. Petitioner's § 2255 [Cr. Doc. 103] is hereby **GRANTED in part** as to petitioner's claim of ineffective assistance of counsel with regard to counsel's failure to file an appeal on behalf of petitioner. A separate order setting the date and time of petitioner's resentencing will follow.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: April 30, 2009

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE